# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**ANZORIA N. JAMES,**

      **Plaintiff,**

**v.**                                            **Case No: 5:13-cv-334-Oc-18PRL**

**COMMISSIONER OF SOCIAL SECURITY**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's appeal of an administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED.**

### I.   Procedural History and Summary of the ALJ's Decision

On September 2, 2010, Plaintiff filed applications for a period of disability, disability benefits, and Supplemental Security Income, alleging disability beginning June 1, 2009. (Tr. 152-57, 158-65). The claim was denied initially, and upon reconsideration. (Tr. 91-93, 94-96, 100-01, 103-04). At Plaintiff's request, a hearing was held on January 18, 2012. (Tr. 31). On February 12, 2012, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 11-23). Plaintiff's request for review was denied by the

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Appeals Council (Tr. 1-5), and Plaintiff initiated this action.   (Doc. 1).   Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

At the time of the ALJ's decision, Plaintiff was forty-one (41) years old, with a high school education.   (Tr. 152, 215).   She has prior work experience as a bus driver, deli worker, telemarketer, and postal worker.   (Tr. 206, 217, 278).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments:  degenerative disc disease of the cervical and lumbar spines, degenerative joint disease of the right knee, obesity, and post-traumatic stress disorder.  (Tr. 14).  The ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform sedentary work, except to stand/walk for one hour at a time before needing to alternate to a sitting position for 10 minutes while on task for a total of 2 hours in an 8-hour work day; to sit for one hour at a time before needing to alternate to a standing position for 5 minutes while on task for a total of 6 hours in an 8-hour work day; no climbing ladders/ropes/scaffolds, work at heights or with dangerous moving machinery, or crawling; occasional kneeling, stooping, crouching, stairs, balancing; simple routine tasks, occasional change in work setting, period of concentration limited to 2 hours at a time before having opportunity for regular work break; and occasional direct contact with the general public (telephone okay).   (Tr. 15).

Based upon her RFC, the ALJ found that Plaintiff is capable of performing her past relevant work as a telephone solicitor.  The ALJ also found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as paramutual ticket checker and surveillance system monitor.  (Tr. 23).  The ALJ's findings include consideration of Plaintiff's limitations that erode the occupational base, and the vocational expert's testimony regarding what

functions Plaintiff could perform in light of her limitations.   (Tr. 22-23).   Accordingly, the ALJ determined that Plaintiff is not disabled.

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. §404.1520.   The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356,

1358 (11th Cir. 1991)(per curiam).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III.  Arguments on Appeal

Plaintiff raises two arguments on appeal: (1) that the ALJ failed to consider the full opinion of Plaintiff's treating physician, Dr. Larsen, and failed to apply the correct legal standards to his opinion; and (2) that the ALJ failed to consider the full opinion of Plaintiff's treating physician, Dr. Marchese, and failed to apply the correct legal standards to his opinion.

### a.   The ALJ's Consideration of Dr. Larsen's Opinion

Plaintiff first argues that the ALJ did not properly consider the full opinion of Plaintiff's treating physician, Dr. Larsen, and failed to apply the correct legal standards to his opinion.

The medical records confirm that Plaintiff was treated by Dr. Larsen of Comprehensive Occupational Medicine and Primary Care for her chief complaint of low back pain.   (Tr. 419). In December 2009, Dr. Larsen opined that Plaintiff could continue to work four hours a day with limited bending, ability to sit, stand and walk at will, and limited lifting.   (Tr. 419).   On January 5, 2010, Dr. Larsen assigned the following restrictions:   "Limited bending, 10 lbs max weight on lifting, carrying, pushing and pulling, alternate sitting, standing and walking as needed," and "may work up to four hours max per day."   (Tr. 423).   The ALJ stated that she "considered the opinion of the claimant's treating physician that she is limited to part-time sedentary work," but based on the record evidence as a whole, including the record of improvement, Plaintiff's activities, and other medical evidence, the ALJ gave Dr. Larsen's opinion little weight.   (Tr. 20).

Plaintiff argues that the ALJ's RFC assessment clearly conflicts with Dr. Larsen's opinion

that Plaintiff needed the opportunity to alternate sitting, standing and walking as needed, and that the Commissioner must give explicit and adequate reasons for rejecting the opinion of a treating physician. Here, Plaintiff argues, it is possible that the ALJ considered and rejected the ALJ's full opinion, but without clearly articulated grounds, the court cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence, citing *Winschel v. Comm'r of Social Security,* 631 F.3d 1176, 1179 (11th Cir. 2011). Plaintiff contends that Dr. Larsen's opinion is crucial to Plaintiff's case because the ALJ found that Plaintiff was capable of performing her past relevant work as a telephone solicitor which required working thirty-five (35) hours a week. (Tr. 22, 190).

Defendant argues that, as specifically discussed by the ALJ, Dr. Larsen's opinion is not supported by objective medical findings and is inconsistent with the record as a whole. For example, in Dr. Larsen's opinion limiting Plaintiff to part time work is inconsistent with his own examination results. Those results include a negative straight leg raise test, intact reflexes, intact motor strength, and intact sensory perception. (Tr. 419). Plaintiff reported to Dr. Larsen that her radicular pain and numbness had resolved as well as her knee pain. (Tr. 419). In January 2010, Dr. Larsen noted an unremarkable straight leg raise test and no abnormalities during a neurovascular exam. (Tr. 414).

As the ALJ observed, Dr. Larsen's opinion is also inconsistent with other evidence in the record, including evidence from other physicians who treated Plaintiff for back pain. For example, in March 2009, Dr. Shetty examined Plaintiff and reported normal muscle tone, very good strength, normal sensory exam, and a negative straight leg raise test. (Tr. 440). Dr. Shetty noted Plaintiff had a normal gait, no use of an assistive device, normal cervical spine, normal range of motion in her cervical spine, negative supine straight leg raise test, and normal muscle tone and

bulk.   (Tr. 443, 853).

Another treating physician, Dr. Oliver, reported normal muscle tone, good strength, and normal sensory exam.   (Tr. 846).   As Defendant points out, Plaintiff's conservative treatment undermines Dr. Larsen's opinion, citing *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996). Defendant also cites the opinion of state agency medical consultant, Dr. Baltazar, which supports the ALJ's decision to give little weight to Dr. Larsen's opinion.   (Tr. 828-35).   State agency consultants are highly qualified and experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions.   See 20 C.F.R. §§ 404.1527(e)(2)(i).

It is well-established that substantial or considerable weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless "good cause" is shown to the contrary.   *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)) ("We have found 'good cause' to exist where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their medical records.")   However, the ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.   *Edwards v. Sullivan*, 937 F.2d 580, 584 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements).   Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir.1986).   The ALJ may discount the opinion of a physician, even a treating physician, when not supported by objective medical signs and diagnostic testing or when inconsistent with the record.   *See*

§§ 404.1527(c)(2), 416.927(c)(2).

Here, the Court agrees that the ALJ provided good reasons for discounting Dr. Larsen's opinion, and substantial evidence supports the ALJ's decision to give little weight to Dr. Larsen's opinion.   The ALJ specifically referenced Dr. Larsen's opinion, but noted several reasons that she decided to give it little weight.   In addition to the "other medical opinion evidence" discussed above, the ALJ also noted that Plaintiff's activities and her record of improvement were inconsistent with Dr. Larsen's opinion.   For example, the ALJ found Plaintiff was only mildly restricted in activities in daily living, as she takes and picks up her son from the bus stop regularly, prepares meals, takes care of her own personal needs with some help, ironed clothes, washed dishes, and folded laundry.   (Tr. 14). Meanwhile, Plaintiff's improvement was noted by Dr. Grisales, who observed she reported excellent relief of her pain (Tr. 816), and Dr. Nucci, who noted Plaintiff's pain was not unusual and anticipated Plaintiff would improve.   (Tr. 686).

Based upon the record evidence as discussed above, the Court concludes that the ALJ's findings regarding Dr. Larsen's opinion are supported by substantial evidence.   *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

### b.   The ALJ's Consideration of Dr. Marchese's Opinion

Plaintiff next argues that the ALJ did not apply the correct legal standards when failing to consider the full opinion of Dr. Marchese.   Plaintiff suggests that the ALJ erred by failing to state with particularity the weight given to all aspects of Dr. Marchese's opinion, which suggests a disabling level of functioning.   (Doc. 15, p. 17).

On October 5, 2010, Dr. Marchese completed a Treating Source Mental Status Report at the request of the Social Security Administration (Tr. 751-753), and opined that Plaintiff was "very limited" in the activities she could perform, but that she was competent to manage her funds.   (Tr. 751-753).   Dr. Marchese opined that Plaintiff was incapable of sustaining work activity for eight

hours a day, five days a week.   (Tr. 751-753).   Plaintiff argues that the ALJ did not even mention this pertinent element of Dr. Marchese's opinion in her decision, suggesting that it was not considered.

Plaintiff makes the same argument in regard to Dr. Marchese's February 1, 2011 opinion, contending that the ALJ ignored Dr. Marchese's full opinion that Plaintiff's symptoms would become severe enough to interfere with her attention and concentration needed to perform even simple work tasks on an occasional to frequent basis.   (Tr. 842).   Plaintiff argues that this portion of Dr. Marchese's opinion clearly conflicts with the ALJ's RFC assessment.

In response, Defendant argues that the ALJ properly gave less weight to the opinions of Mr. Marchese.   As Defendant notes, Dr. Marchese's own treatment notes do not support his opinion.   For example, he noted that Plaintiff had a casual appearance, fair memory, fair attention and concentration, fair insight, and was oriented to time place, and person.   (Tr. 814, 820-21, 824-26).   Dr. Marchese observed that Plaintiff's condition was stable.   (Tr. 814, 820-21).

More importantly, however, Dr. Marchese's opinions are inconsistent with other evidence in the record.   For example, Dr. Poetter, Ph.D, completed a mental evaluation of Plaintiff and found that she attended church regularly, visits with friends, watches television, goes shopping and performs all activities of daily living independently.   (Tr. 755).   Dr. Poetter reported that Plaintiff's effort appeared questionable, and that he could not rule out symptom exaggeration. (Tr. 755-56).

The opinions of State Agency consultants, Gary W. Buffone, Ph.D, and Kevin Ragsdale, Psy.D., support the ALJ's decision to give little weight to Dr. Marchese's opinion.   Dr. Buffone found no severe impairments and noted, "there is the distinct possibility of symptom exaggeration," and that some of Plaintiff's symptoms called "into question the validity of her

report."   (Tr. 800).   Dr. Ragsdale noted that there was no evidence or report of periods of extended psychiatric decompensation, and that Plaintiff's presentation was characterized primarily by her own reports of physical maladies and related restrictions.   Dr. Ragsdale found only mild restrictions.   (Tr. 827).

The Court agrees that the evidence as a whole, including the opinions of Dr. Poetter, Dr. Buffone, and Dr. Ragsdale, provide ample evidence to support the ALJ's decision to give little weight to Dr. Marchese's opinions.   *See Forrester v. Comm'r of Social Security*, 455 F. App'x 899, 902-03 (11th Cir. 2012); *Jarret v. Comm'r of Social Security*, 422 F. App'x 869, 874 (11th Cir. 2011).   Accordingly, the Court finds that substantial evidence supports the ALJ's findings. *See Martin*, 894 F.2d at 1259.

### IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be Affirmed.

**DONE AND ENTERED** in Ocala, Florida, on June 10, 2014.


_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge
All Counsel